FILED

2013 May-23  AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BETTY LYNN HAYES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:12-cv-03940-AKK** |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Betty Lynn Hayes ("Hayes")  brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits to Hayes.

## I. Procedural History

Hayes protectively filed applications for Disability Insurance Benefits and Supplemental Security Income benefits on March 26, 2010, alleging a disability

onset date of April 3, 2008 due to a ripped lower disc and pinched nerves. (R. 24, 163, 170, 202). After the SSA denied Hayes' claim, she requested a hearing before an ALJ. (R. 107, 121). The ALJ subsequently denied Hayes's claim, (R. 21-37), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-6). Hayes then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1; *see also* doc. 10.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*,

703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.

20 C.F.R. § 404.1520(a)-(g).  Specifically, the Commissioner must determine in

sequence:

(1)    whether the claimant is currently unemployed;

(2)    whether the claimant has a severe impairment;

(3)    whether the impairment meets or equals one listed by the Secretary;

(4)    whether the claimant is unable to perform his or her past work; and

(5)    whether the claimant is unable to perform any work in the national
        economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative

answer to any of the above questions leads either to the next question, or, on steps

three and five, to a finding of disability.  A negative answer to any question, other

than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can

do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must

meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied]

when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th

Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical
> condition and either (2) objective medical evidence that confirms the
> severity of the alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity that it
> can be reasonably expected to give rise to the alleged pain.[1]

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, neither requires objective proof of the pain
> itself.  Thus under both the regulations and the first (objectively
> identifiable condition) and third (reasonably expected to cause pain
> alleged) parts of the *Hand* standard a claimant who can show that his
> condition could reasonably be expected to give rise to the pain he
> alleges has established a claim of disability and is not required to
> produce additional, objective proof of the pain itself.  *See* 20 CFR §§
> 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th
> Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

information omitted) (emphasis added).  Moreover, "[a] claimant's subjective

testimony supported by medical evidence that satisfies the pain standard is itself

sufficient to support a finding of disability."  *Holt*, 921 F.2d at 1223.  Therefore, if

a claimant testifies to disabling pain and satisfies the three part pain standard, the

ALJ must find a disability unless the ALJ properly discredits the claimant's

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761
F.2d 1545, 1548 (11th Cir. 1985).

testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the

ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons
> for refusing to credit a claimant's subjective pain testimony, then the
> [ALJ], as a matter of law, has accepted that testimony as true. Implicit
> in this rule is the requirement that such articulation of reasons by the
> [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for

refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony

of the plaintiff and render a finding of disability. *Id*.

## IV.  The ALJ's Decision

The ALJ properly applied the five step analysis and first determined that

Hayes has not engaged in substantial gainful activity since April 3, 2008, and

therefore met Step One. (R. 26). The ALJ also acknowledged that Hayes'

degenerative disease of the lumbar spine was a severe impairment that met Step

Two. *Id*. The ALJ proceeded to the next step and found that Hayes failed to meet

or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1

and thus did not satisfy Step Three. (R. 28). Although she answered Step Three

in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ

proceeded to Step Four where she determined that Hayes

has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  She can lift from floor to knuckle ten pounds occasionally.  She can lift from knuckle to shoulder twenty pounds occasionally and ten pounds frequently.  She can perform push pull movements of ten pounds frequently and twenty pounds occasionally.  The claimant can frequently stoop, frequently sit/stand, and never climb ladders, ropes or scaffolds.  The claimant should avoid all exposure to industrial hazards including working at unprotected heights, working in close proximity to moving dangerous machinery and operating motor vehicle equipment.  (Frequently, for purposes of the RFC, is defined as up to 2/3 of an eight hour workday.)

(R. 28-29).  With respect to the pain standard, the ALJ found that "the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (R. 29).  As a result, the ALJ found that Hayes is unable to perform any past relevant work.  (R. 31).  Lastly, at step five, the ALJ determined that, "[c]onsidering [Hayes's] age, education, work experience, and [RFC], there are jobs that exist in significant number in the national economy that the claimant can perform."  *Id*. Accordingly, the ALJ found that Hayes is not disabled.  (R. 32); *see also McDaniel*, 800 F.2d at 1030.

## V.  Analysis

Hayes alleges that the ALJ's RFC finding is not supported by substantial

evidence because the ALJ "adopt[ed] a vague opinion which was wholly

inadequate for vocational interpretation," rather than "develop[ing] the record to

obtain an MSO [(medical source opinion)] by ME [(medical examiner)] or another

consultative examination (ME) consistent with 20 CFR 404.1519a."  Doc. 10 at 8-

9.  However, as Hayes concedes, doc. 10 at 7, the ALJ is not required to obtain a

consultative examination.  Instead, the regulation states that the ALJ will only

seek a consultative examination "to try to resolve an inconsistency in the evidence,

or when the evidence as a whole is insufficient to allow [the ALJ] to make a

determination" after "consider[ing] not only existing medical reports, but also the

disability interview form containing [the claimant's] allegations as well as other

pertinent evidence in [her] file."  20 C.F.R. § 404.1519a.  Hayes failed to point to

any purported inconsistency in or insufficiency of the medical evidence; rather,

Hayes appears to disagree with the ALJ's reliance on a functional capacity

evaluation ("FCE")  performed by Dr. Keith Anderson.  Doc. 10 at 7-9.

Unfortunately for Hayes, her disagreement alone, with Dr. Anderson's FCE, is

insufficient to require the ALJ to obtain an additional medical opinion from a

consultative examiner.

Moreover, the ALJ properly relied upon Dr. Anderson's report.  Hayes'

treating physician, Dr. Scott Powers, referred Hayes to Dr. Anderson for the FCE

and an impairment rating.  (R. 520).  Dr. Anderson performed a physical

evaluation, reviewed Hayes' medical record, and ultimately reported to Dr. Powers

that

> this patient has a 0% impairment of the whole person regarding her work
> related injury. . . . Review of the patient's physical examination,
> previous medical records and ARCON testing reveals **the patient gave
> poor effort**.  She had inconsistencies on her FCE, as well as in her
> physical examination.  Therefore, **work restrictions are probably an
> underestimation of what the patient can actually perform**.
>
> WORK RESTRICTIONS:
> 1.  Lifting: Low lift (floor to knuckle) 10 pounds occasional.
>     Mid lift (knuckle to shoulder) 20 pounds occasional, 10
>     pounds frequent.  High lift (shoulder and above) 10 pounds
>     occasional.
> 2.  Carrying: The patient did not participate.
> 3.  Pushing: 20 pounds occasional, 10 pounds frequent.
> 4.  Pulling: 20 pounds occasional, 10 pounds frequent.
> 5.  Walking: The patient declined to perform.
> 6.  Climbing Vertical Ladders: The patient declined to
>     perform.
> 7.  Balancing: Occasional.
> 8.  Stooping: The patient declined to perform.
> 9.  Kneeling: The patient declined to perform.
> 10. Crouching: The patient declined to perform.
> 11. Sitting: Frequent.
> 12. Standing: Frequent.

(R. 520-521) (emphasis added).  After reviewing Dr. Anderson's findings and

following up with Hayes, Dr. Powers adopted the FCE report and expressly opined

that he agreed with the 0% impairment rating.  (R. 437).  Following the Social

Security regulation regarding the assignment of weight to medical opinions, the

ALJ afforded controlling weight to the opinion of Dr. Powers, Hayes' treating

physician, which expressly adopted the findings of Dr. Anderson.  (R.30-31); *See*

*also* 20 C.F.R. § 404.1527(c)(2) (A treating physician's opinion is granted

controlling weight if it "is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [the] record[.]").  As the ALJ discussed, Dr. Powers' opinions were

due controlling weight as a treating physician because of his extensive treatment

relationship with Hayes, use of acceptable techniques, and consistency with the

remaining medical evidence.  *See* (R. 31).  Moreover, Dr. Anderson's report is

independently consistent with the objective medical evidence provided by Hayes.

*Compare e.g.,* (R. 520-547) (Evidence from Dr. Anderson) *with* (R. 311-19)

(Evidence from Dr. Cheng W. Tao) *and* (R. 461-63) (Evidence from Dr. Cyrus

Ghavam). Therefore, the ALJ did not err in relying upon the FCE provided by Dr.

Anderson and the ALJ's RFC finding is supported by substantial evidence.[2]

---

[2] Hayes also briefly suggests that the ALJ erred in failing to find her disabled under
Medical-Vocational Rule 201.14.  Under this rule, an ALJ must find a claimant of advanced age
disabled if their educational background is "high school graduate or more - does not provide for
direct entry into skilled work," and their past work experience is "skilled or semi-skilled - skills
not transferable."  20 C.F.R. § 404, subpart P, appx.2, Table no.1, rule 201.14.  However, Hayes
was not of "advanced age" at the time of the determination.  The appendix provides that, for a
claimant closely approaching advanced age like Hayes, a finding of disabled is warranted only
where the previous factors are present "**and** an individual's vocational scope is further

Case 5:12-cv-03940-AKK   Document 12   Filed 05/23/13   Page 11 of 11

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Hayes is not disabled is supported by substantial evidence and proper legal standards were used in making this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 23rd day of May, 2013.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

significantly limited by illiteracy or inability to communicate in English[.]"  *Id*. at § 202.00(d) (emphasis added).  Hayes failed to demonstrate the requisite factors to establish a disability under Rule 201.14.  Accordingly, the ALJ did not err in finding that Hayes is not disabled.

Page 11 of  11